IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAVID STARKEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:22-cv-00272 |
| | ) Judge Crenshaw/Frensley |
| OFFICER JIMMY TEDDES et al., | ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

### I.  INTRODUCTION

The docket shows that Plaintiff David Starkey has not effected service of process on Officer Jimmy Teddes, Jill Hall, or any of the John Doe defendants. For the reasons set forth herein, the undersigned recommends that this action be dismissed without prejudice under Federal Rule of Civil Procedure 4(m).

### II.  BACKGROUND

Starkey initiated this action on April 15, 2022, by filing a complaint under 42 U.S.C. § 1983 and state law alleging that the defendants illegally trespassed on his property, searched him, and falsely arrested and imprisoned him.[1] Docket No. 1. In an order referring this case to the Magistrate Judge, the Court informed Starkey that he was "responsible for effecting service of process on [the] [d]efendants in accordance with Federal Rule of Civil Procedure 4" and that "[f]ailure to

---

[1] In response to an order concerning the sufficiency of the signature on his original complaint (Docket No. 1), Starkey timely resubmitted a personally signed copy (Docket No. 8).

timely complete service of process could result in dismissal of this action." Docket No. 9, p. 1. The Court also referred Starkey to the online version of the Federal Rules of Civil Procedure. Docket No. 9.

In June 2022, Starkey attempted service on Teddes and Hall, but neither defendant appeared. Docket No. 10. When over a year after Starkey's attempts, none of the defendants had appeared, the Court issued an order noting that Starkey had not complied with Federal Rule of Civil Procedure 4(e) when he had attempted to serve Teddes and Hall and that Starkey had seemingly not identified or attempted to serve the John Doe defendants in this action either. Docket No. 12. In light of Starkey's pro se status and his attempt to serve Teddes and Hall, the Court extended the deadline for service of process to October 27, 2023, and referred Starkey to the Court's online resources for pro se litigants. *Id.* The Court warned Starkey that failure to comply with the order could result in dismissal of his claims. *Id.*

Over a week has passed since the Court's October 27, 2023 deadline and Starkey has not effected service of process on the defendants or otherwise responded to the Court's order.

### III. LAW AND ANALYSIS

#### A. Legal Standard

"[T]he requirement of proper service of process 'is not some mindless technicality[,]'" *Friedman v. Est. of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (quoting *Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987)), nor is it "meant to be a game or obstacle course for plaintiffs[,]" *Ace Am. Ins. Co. v. Meadowlands Dev. Ltd. P'ship*, 140 F. Supp. 3d 450, 455 (E.D. Pa. 2015). Rather, it goes to the very heart of a court's ability to hear a case. "[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012); *see also Mann v. Castiel*, 681 F.3d

2

Case 3:22-cv-00272   Document 13   Filed 11/08/23   Page 2 of 6 PageID #: 54

368, 372 (D.C. Cir. 2012) (explaining that "[s]ervice is . . . not only a means of 'notifying a defendant of the commencement of an action against him,' but 'a ritual that marks the court's assertion of jurisdiction over the lawsuit'" (citation omitted)). Where personal jurisdiction is not properly established, a court cannot exercise its authority consistent with due process of law. *See Friedman*, 929 F.2d at 1156–57.

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Court must extend the time for service upon a showing of good cause, and the Court may exercise its discretion to permit late service even where a plaintiff has not shown good cause. *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022) (first citing Fed. R. Civ. P. 4(m); and then citing *Henderson v. United States*, 517 U.S. 654, 662 (1996)). Otherwise, the language of Rule 4(m) mandates dismissal, either on motion or sua sponte. Fed. R. Civ. P. 4(m); *see also Byrd v. Stone*, 94 F.3d 217, 219 & n.3 (6th Cir. 1996). In light of this plain language, it is well established that Rule 4(m) empowers a court to dismiss complaints without prejudice "upon the court's own initiative with notice to the plaintiff." *Hason v. Med. Bd. of Cal.*, 279 F.3d 1167, 1174 (9th Cir. 2002); *see also Friedman*, 929 F.2d at 1155 n.4 (noting that "the issue of ineffective service of process may be raised sua sponte").

The Sixth Circuit has directed district courts to consider seven factors in "deciding whether to grant a discretionary extension of time in the absence of a finding of good cause:"

(1) whether an extension of time would be well beyond the timely service of process;

3

(2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit;

(3) whether the defendant had actual notice of the lawsuit;

(4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred;

(5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies;

(6) whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process; and

(7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

*Oakland Physicians' Med. Ctr.*, LLC, 44 F.4th at 569.

### B. The Case at Bar

Starkey has not demonstrated good cause for an extension of time to complete service under Rule 4(m). The Court has reminded Starkey that he is responsible for serving process on the defendants in accordance with the Federal Rules of Civil Procedure and warned him that failure to timely effect service may result in the dismissal of this action. Docket Nos. 9, 12. The Court also pointed Starkey to resources for accomplishing service (Docket Nos. 9, 12) and exercised its discretion to extend the time for Starkey to achieve service (Docket No. 12).

A further discretionary extension of the service deadline is not appropriate considering the seven relevant factors that the Sixth Circuit articulated in *Oakland Physicians' Med. Ctr.*, LLC, 44 F.4th at 568-69. The second and sixth factors—potential prejudice to the defendant and whether the plaintiff appears pro se—weigh in favor of granting Starkey a discretionary extension. There
4

is no indication that the defendants would be unduly prejudiced by a further extension to allow service. Examples of prejudice include "a defendant's inability to present a full and fair defense on the merits due to a loss of records, the death of a witness, or the unreliability of memories of long past events[.]" *Id.* at 571 (quoting *Nartron Corp. v. Borg Indak, Inc.*, 848 F. Supp. 2d 725, 748 (E.D. Mich. 2012)). The events at the center of Starkey's claims are relatively recent, occurring in 2021. Docket No. 1. The fourth factor—substantial prejudice to the plaintiff—also weighs in favor of granting an extension as Starkey's § 1983 and state law claims would likely be time-barred if he asserted them in a new action given the one-year statute of limitations for § 1983 and personal injury claims in the state of Tennessee. *See Eidson v. Tenn. Dep't of Child.'s Servs.*, 510 F.3d 631, 634 (6th Cir. 2007) (citing Tenn. Code Ann. § 28-3-104).

The remaining factors weigh against granting a discretionary extension. An extension of time would be well beyond the 90-day time period for service under Rule 4(m), as over a year has passed since Starkey initiated this action. Docket No. 1. There is no indication that the defendants have actual notice of the lawsuit. Starkey also has not been diligent in correcting the deficiencies in his attempts to serve Teddes and Hall, and there is no evidence that he has made a good faith attempt to identify or serve the John Doe defendants.

The fact that Starkey appears pro se does not excuse his failure to comply with the Court's orders. *See Cantrell v. Parker Corp.*, Civ. No. 3:13-1395, 2014 WL 7366100, at *1–2 (M.D. Tenn. Dec. 23, 2014) (dismissing pro se plaintiff's complaint without prejudice for failure to comply with court orders and Rule 4(m)). Because Starkey has not effected service on the defendants in compliance with Rule 4 and this Court's orders despite ample time to do so and notice that failure to do so may result in dismissal, dismissal without prejudice under Rule 4(m) is appropriate.

## IV. CONCLUSION

For these reasons, the Magistrate Judge RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE under Rule 4(m).

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

        **Jeffery S. Frensley**
        **United States Magistrate Judge**